FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

JUN 11 2012

Stephan Harris, Clerk
Cheyenne

George James
Kelly James
3422 Cribbon Avenue
Cheyenne, Wyoming 82001
Telephone: 307-635-3119

# UNITED STATES DISTRICT COURT

## DISTRICT OF WYOMING

| | |
|---|---|
| GEORGE JAMES, <br> KELLY JAMES <br><br> PLAINTIFFS, <br><br> vs. <br><br> STONELEIGH RECOVERY ASSOCIATES, LLC <br><br><br> DEFENDANT | Case Number: <br><br> 12CV-120-S <br><br><br><br> **Jury Trial Demanded** |

## COMPLAINT

Plaintiffs, GEORGE JAMES and KELLY JAMES (hereinafter "Plaintiffs"), on this 11th day of June, 2012, brings this action against Defendant Stoneleigh Recovery Associates, LLC (hereinafter "SRA") on the grounds and in the amounts set forth herein.

### I. INTRODUCTION

1. This action arises out of the facts and circumstances surrounding the collection of an alleged consumer debt. Plaintiffs institute this action for statutory damages, actual damages, punitive damages, and the costs of this action, against the Defendant for multiple violations of

the Fair Debt Collection Practices Act (hereinafter "FDCPA") 15 U.S.C. §1692 *et seq.*, Fair Credit Reporting Act 15 U.S.C. § 1681 *et. seq.* (hereinafter "FCRA"), and seeks declaratory judgment ruling Defendant SRA violated Wyoming Statutes § 33-11-101 through § 33-11-116 Wyoming Collection Agencies Act (hereinafter "WCAA").

## II. PARTIES

2. Plaintiffs are natural persons, residing in Cheyenne, Laramie County, Wyoming.

3. Defendant SRA is a foreign corporation with its principal place of business at 810 Springer Drive, Lombard, Illinois 60148. Defendant SRA is registered with the Wyoming Secretary of State with a filing number of 2007-000544692.

4. Defendant SRA is a debt collector engaged in the collection of alleged consumer debts using the telephone, the United States Postal Service, and all other means at its disposal.

5. Defendant SRA regularly attempts to collect consumer debts alleged to be due to another.

6. Defendant SRA is operating as a "debt collector" and a "collection agency" in the state of Wyoming, as Defendant SRA uses and used the United States Postal Service to enter the state of Wyoming and conduct the business of a collection agency in the state of Wyoming.

## III. JURISDICTION AND VENUE

7. Jurisdiction is conferred on this Court by the FDCPA, 15 U.S.C. § 1692k(d), FCRA, 15 U.S.C. § 1681(p), 28 U.S.C. § 1331, and 28 U.S.C. § 1367. This honorable Court is a Court of competent jurisdiction which has original jurisdiction over Plaintiffs federal claims and is authorized by the FDCPA and FCRA to hear and adjudicate Plaintiffs claims against Defendant SRA.

8. As Plaintiffs state claim is related to Plaintiffs federal claims, are inextricably entwined and arise out of a common nucleus of related facts, this Court has supplemental jurisdiction to hear Plaintiffs state claim against Defendant SRA.

9. Plaintiffs state claim is related to Plaintiffs federal claims as those claims form part of the same case of controversy under Article III of the United States Constitution.

10. Plaintiffs state claim is not complex or novel and is straightforward.

11. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and § 2202.

12. Declaratory judgment is just and proper in this case, as declaratory judgment will send the appropriate message to the Defendant SRA that their conduct will continue to subject them to future damages.

13. Venue is proper as all alleged conduct by Defendant SRA took place in Cheyenne, Wyoming, while the Plaintiffs were residing in Cheyenne, Wyoming.

## IV. STATUTORY STRUCTURE FDCPA

14. The FDCPA is a strict liability statute and no section of the FDCPA requires an inquiry into the worthiness of the debtor or purports to protect only deserving debtors. The FDCPA protects all consumers, from the gullible to the shrewd.

15. The existence or validity of the underlying debt is not material in a FDCPA action.

16. Under the FDCPA, whether conduct or action violates the FDCPA is to be determined by analyzing the conduct or action from the perspective of the least sophisticated consumer.

17. Under the FDCPA, there is no requirement that any intent to deceive be established when evaluating if certain conduct or actions violated or violates the FDCPA.

18. Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. *See 15 U.S.C. § 1692a(3)*.

19. Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. *See 15 U.S.C. § 1692a(5)*.

20. Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. *See 15 U.S.C. § 1692a(6)*.

21. Under the FDCPA, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. *See 15 U.S.C. § 1692e*.

22. Under the FDCPA, a debt collector may not threaten to take any action that cannot legally be taken or that is not intended to be taken. *See 15 U.S.C. § 1692e(5)*.

23. Under the FDCPA, a debt collector may not use any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. *See 15 U.S.C. § 1692e(10)*.

24. Under the FDCPA, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. *See 15 U.S.C. § 1692f*.

25. Under the FDCPA, if the consumer notifies the debt collector in writing that the debt, or any portion thereof, is in dispute, the debt collector shall cease collection of the debt, or any

disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. *See 15 U.S.C. § 1692g(b).*

26. Under the FDCPA, any collection activities and communications during the 30-day period in which the consumer has to dispute the validity of the debt may not overshadow or be inconsistent with the disclosure of the consumers right to dispute the debt or request the name and address of the original creditor. *See 15 U.S.C. § 1692g(b)(a).*

27. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained; statutory damages up to $1,000; attorneys' fees as determined by the Court and costs of this action. *See 15 U.S.C. § 1692k.*

## V. STATUTORY STRUCTURE FCRA

28. The Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA") purpose is to create accuracy and fairness in credit reporting. "It is the purpose of this title to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is **fair and equitable to the consumer**, with regard to the confidentiality, accuracy, **relevancy**, and proper utilization of such information in accordance with the requirements of this title." *See 15 U.S.C. § 1681*, emphasis added.

29. Under the FCRA, the term "person" means any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or

other entity." *See 15 U.S.C. § 1681a(b).*

30. Under the FCRA, the term "consumer" means an individual." *See 15 U.S.C. § 1681a(c).*

31. Under the FCRA, the term "consumer reporting agency" means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." *See 15 U.S.C. § 1681a(3)(f).*

32. Under the FCRA, the term "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for credit or insurance to be used primarily for personal, family, or household purposes; employment purposes; or any other authorized purpose. *See 15 U.S.C. § 1681a(d)(1).*

33. Under the FCRA, a person must have a permissible purpose to access a consumer report. *See 15 U.S.C. § 1681b.*

34. Under the FCRA, any debt collector who fails to comply with the provisions of the FCRA is liable for actual damages, statutory damages up to $1,000, punitive damages, attorneys' fees as determined by the Court, and costs of this action. *See 15 U.S.C. § 1681n.*

## VI. STATUTORY STRUCTURE WCAA

35. Under the WCAA, it is unlawful to conduct a collection agency or act as a debt collector or solicitor within this state without first having obtained a license or an exemption certificate. *See Wyoming Statutes Annotated § 33-11-102.*

36. Under the WCAA, "collection agency" means any person who engages in any business, the purpose of which is to collect debts incurred in this state from debtors located in this state by means of interstate communications, including telephone, mail or facsimile or any other electronic method, from the debt collector's location in another state. *See Wyoming Statutes Annotated § 33-11-101.*

## VII. FACTUAL ALLEGATIONS

37. Plaintiff Mrs. James received Defendant SRA's initial communication letter on July 23, 2011 that was dated July 19, 2011 (see exhibit one).

38. On July 25, 2011, Plaintiff Mrs. James sent in writing a letter to Plaintiff SRA that the alleged debt is disputed (see exhibit two).

39. On or about July 29, 2011, Defendant SRA received Plaintiff Mrs. James's letter (see exhibit three).

40. On or about July 25, 2011, Plaintiff Mrs. James filed a verified complaint with the Wyoming Collection Agency Board (hereinafter "Board") believing that Defendant SRA was in violation of Wyoming law and regulations.

41. The Board conducted an investigation of Plaintiff Mrs. James's verified complaint.

42. On or about January 17, 2012, the Board directed the Office of the Attorney General for the state of Wyoming to send to Defendant SRA a letter that stated that based upon information Defendant SRA had supplied the Board that Defendant SRA was attempting to collect an alleged debt that was allegedly incurred in Wyoming from Plaintiff Mrs. James, that the Board had voted to revoke Defendant SRA's exemption certificate, and that Defendant SRA must cease and desist from collecting any debts in Wyoming as defined by the WCAA until such time that Defendant SRA applies for and is approved for a license from the Board (see exhibit four).

43. On May 23, 2012, Plaintiffs received their consumer report from Experian.

44. Included in Plaintiff Mrs. James's consumer report is an access (also called "inquiry") from Defendant SRA dated July 18, 2011 (see exhibit five).

45. Included in Plaintiff Mr. James's consumer report is an access from Defendant SRA dated January 19, 2012 (see exhibit six).

46. Plaintiffs are a "consumer" as defined by the FDCPA and FCRA, and was a "consumer" at all times as pleaded in the Complaint, by Defendant SRA.

47. Defendant SRA is a "person" as defined by the FCRA.

48. Defendant SRA, "communicated" with the Plaintiff Mrs. James on the dates alleged in the Complaint, in so far as "communication" is defined by the FDCPA.

49. Defendant SRA, "communicated" with the Plaintiff Mrs. James, on the dates alleged in the Complaint, in so far as "communication" is defined by the WCAA.

50. Defendant SRA, on the dates alleged in the Complaint, attempted to collect from the Plaintiffs an alleged past due "debt" which was due another party, in so far as "debt" is defined

by the FDCPA.

51. Defendant SRA, on the dates alleged in the Complaint, attempted to collect from the Plaintiffs an alleged past due "debt" which was due another party, in so far as "debt" is defined by the WCAA.

52. Defendant SRA, on the dates alleged in the Complaint, was acting as a "collection agency" when they communicated with the Plaintiff Mrs.James, in so far as "collection agency" is defined by the WCAA.

53. Defendant SRA, on the dates as alleged in the Complaint, was acting as a "debt collector" in their communication with the Plaintiff Mrs. James, in so far as "debt collector" is defined by the WCAA, therefore, Defendant SRA was required to comply with the WCAA.

54. Defendant SRA was acting as a "debt collector" as defined by the FDCPA and therefore required to comply with the FDCPA.

55. Plaintiffs were a resident of the state of Wyoming, during all dates as pleaded in the Complaint.

56. Defendant SRA applied for an exemption certificate from the Board in January 2008. An exemption certificate is for companies who feel they do not need to be a licensed collection agency in the State of Wyoming, based on current statutes and regulations, and a company's current business plan. Companies apply to the Board for an exemption certificate from licensing and must meet with the Board's approval.

57. Defendant SRA was granted an exemption certificate from the Board in February 2008.

58. Defendant SRA's exemption certificate was revoked by the Board in January 2012 based on Defendant SRA's conduct towards Plaintiff Mrs. James (see exhibit four).

59. Defendant SRA received the exemption certificate from the Board under false pretenses and was operating as a collection agency in Wyoming outside of the scope of the exemption certificate, specifically with their conduct towards the Plaintiffs. The exemption certificate did not cover Defendant SRA's collection activities towards Plaintiffs.

## VIII. FDCPA VIOLATIONS

60. The allegations of all above paragraphs of this Complaint are realleged and incorporated by reference. The Defendants violation of the FDCPA include but are not limited to the following:

61. Defendant SRA, on or about the dates of July 18, 2011 through January 19, 2012, violated the FDCPA, specifically 15 U.S.C. § 1692e. Defendant SRA used false, deceptive, and misleading representations in connection with the collection of an alleged debt. Defendant SRA represented themselves to the Plaintiffs as a collection agency authorized to conduct the business of a collection agency in the state of Wyoming. However, Defendant SRA was conducting the business of a collection agency in the state of Wyoming in a manner outside of the scope of the exemption certificate. As a result of Defendant SRA's violation of the FDCPA, Plaintiffs are entitled to actual damages, statutory damages in an amount up to $1,000.00, reasonable attorney's fee, and costs pursuant to 15 U.S.C. § 1692k.

62. Defendant SRA, on or about the date of July 19, 2011, violated the FDCPA, specifically 15 U.S.C. § 1692e(5), threatening to take an action that cannot be legally taken. Defendant SRA,

in their written communication to the Plaintiff Mrs. James, stated they would mail verification to the Plaintiff Mrs. James if Plaintiff Mrs. James disputed the validity of the debt. (See exhibit one). As Defendant SRA, at the time the letter was sent to the Plaintiff Mrs. James, was conducting the business of a collection agency in the state of Wyoming outside the scope of the exemption certificate, Defendant SRA should not mail anything to the Plaintiff Mrs. James as part of conducting the business of a collection agency in the state of Wyoming. Threatening to mail verification to the Plaintiff violates the FDCPA. As a result of Defendant SRA's violation of the FDCPA, Plaintiff Mrs. James is entitled to actual damages, statutory damages in an amount up to $1,000.00, reasonable attorney's fee, and costs pursuant to 15 U.S.C. § 1692k.

63. Defendant SRA, on July 18, 2011, and January 19, 2012, violated the FDCPA, specifically 15 U.S.C. § 1692e(5). Defendant SRA took an action that could not legally be taken by accessing Plaintiffs Experian consumer report under false pretenses and without permissible purpose. As a result of Defendant SRA's violation of the FDCPA, Plaintiffs are entitled to actual damages, statutory damages in an amount up to $1,000.00, reasonable attorney's fee, and costs pursuant to 15 U.S.C. § 1692k.

64. Defendant SRA, on January 19, 2012, violated the FDCPA, specifically 15 U.S.C. § 1692e(5). Defendant SRA took an action that could not legally be taken by accessing Plaintiff Mr. James's Experian consumer report under false pretenses and without permissible purpose. By accessing Plaintiff Mr. James's Experian consumer report, Defendant SRA was continuing collection activity before sending verification of the debt to Plaintiff Mrs. James. As a result of Defendant SRA's violation of the FDCPA, Plaintiff Mr. James is entitled to actual damages,

statutory damages in an amount up to $1,000.00, reasonable attorney's fee, and costs pursuant to 15 U.S.C. § 1692k.

65. Defendant SRA, on or about the dates of July 18, 2011 through January 19, 2012, violated the FDCPA, specifically 15 U.S.C. § 1692e(10). Defendant SRA used false, deceptive, and misleading representations in their communication, actions, and conduct with the Plaintiffs. Defendant SRA represented themselves to the Plaintiffs as a collection agency authorized to conduct the business of a collection agency in the state of Wyoming. However, Defendant SRA was operating outside of the scope of the exemption certificate to conduct the business of a collection agency in the state of Wyoming during their communication with Plaintiff Mrs. James. As a result of Defendant SRA's violations of the FDCPA, Plaintiffs are entitled to actual damages, statutory damages in an amount up to $1,000.00, reasonable attorney's fee, and costs pursuant to 15 U.S.C. § 1692k.

66. Defendant SRA's violation of Wyoming state law, in regards to operating outside of the scope of the exemption certificate to conduct the business of a collection agency is a violation of the FDCPA. A violation of state law constitutes a violation of the FDCPA, because the state law violation is a violation which involves false, deceptive, or misleading representations. *See, Carlon vs First Revenue Assurance, 359 F3d. 1015 (8th Cir. 2004)*. As a result of Defendant SRA's violations of the FDCPA, Plaintiffs are entitled to actual damages, statutory damages in an amount up to $1,000.00, reasonable attorney's fee, and costs pursuant to 15 U.S.C. § 1692k.

67. Defendant SRA, on the dates of July 18, 2011, and January 19, 2012, violated the FDCPA, specifically 15 U.S.C. § 1692e(10). Defendant SRA used false and misleading

representations to obtain information concerning Plaintiffs. Defendant SRA accessed Plaintiffs consumer report under false pretenses and without permissible purpose whereby obtaining information concerning Plaintiffs. As a result of Defendant SRA's violation of the FDCPA, Plaintiffs are entitled to actual damages, statutory damages in an amount up to $1,000.00, reasonable attorney's fee, and costs pursuant to 15 U.S.C. § 1692k.

68. Defendant SRA, on January 19, 2012, violated the FDCPA, specifically 15 U.S.C. § 1692e(10). Defendant SRA used deceptive means to obtain information concerning Mr. James. By accessing Plaintiff Mr. James's Experian consumer report under false pretenses and without permissible purpose, Defendant SRA was continuing collection activity before sending verification of the debt to Plaintiffs. As a result of Defendant SRA's violation of the FDCPA, Plaintiffs are entitled to actual damages, statutory damages in an amount up to $1,000.00, reasonable attorney's fee, and costs pursuant to 15 U.S.C. § 1692k.

69. Defendant SRA, on or about the dates of July 18, 2011, through January 19, 2012, violated the FDCPA, with their communication, actions, and conduct with the Plaintiffs, specifically, 15 U.S.C. § 1692(f), by using unfair or unconscionable means to collect or attempt to collect any debt. Defendant SRA was conducting the business of a collection agency in the state of Wyoming outside of the scope of the exemption certificate, therefore any contact with the Plaintiffs while acting as a collection agency and/or a debt collector as defined by the WCAA, when contacting the Plaintiffs while the Plaintiffs were residing in the state of Wyoming, whether any other conduct during the communication with the Plaintiffs violated the FDCPA and/or the WCAA should have never occurred. Defendant SRA's communication,

actions, and conduct toward the Plaintiffs, on or about the dates of July 18, 2011 through January 19, 2012, were illegal, unfair, and unconscionable. As such, Defendant SRA has violated the FDCPA. As a result of Defendant SRA's violation of the FDCPA, Plaintiffs are entitled to actual damages, statutory damages in an amount up to $1,000.00, reasonable attorney's fee, and costs pursuant to 15 U.S.C. § 1692k.

70. Defendant SRA, on January 19, 2012 violated the FDCPA, specifically, 15 U.S.C. § 1692g(b). Accessing Plaintiff Mr. James's Experian consumer report is continued collection of an alleged debt before sending verification of the alleged debt to Plaintiff Mrs. James in response to Plaintiff Mrs. James's July 25, 2011 letter to Defendant SRA. As a result of Defendant SRA's violation of the FDCPA, Plaintiffs are entitled to actual damages, statutory damages in an amount up to $1,000.00, reasonable attorney's fee, and costs pursuant to 15 U.S.C. § 1692k.

71. Defendant SRA, on or about July 23, 2011 violated the FDCPA, specifically, 15 U.S.C. § 1692g(b)(a). The initial communication letters statement with an eye catching box around it "TO ENSURE PROPER CREDIT, DETACH COUPON BELOW AND MAIL IN RETURN ENVELOPE WITH YOUR PAYMENT. BE SURE THE RETURN ADDRESS APPEARS THROUGH THE WINDOW OF THE REPLY ENVELOPE BEFORE MAILING." overshadows and is inconsistent with the 30 day validation notice. Defendant SRA caused Plaintiff Mrs. James confusion as to the 30 day validation period. As a result of Defendant SRA's violation of the FDCPA, Plaintiff Mrs. James is entitled to actual damages, statutory damages in an amount up to $1,000.00, reasonable attorney's fee, and costs pursuant to 15 U.S.C. § 1692k.

## IX. VIOLATIONS OF THE FCRA

72. The allegations of all above paragraphs of this Complaint are realleged and incorporated by reference. The Defendants violation of the FCRA include but are not limited to the following:

73. Defendant SRA on July 18, 2011 and January 19, 2012, violated the FCRA, specifically 15 U.S.C. § 1681b(a)(3)(A), by accessing Plaintiffs consumer report under false pretenses and without a permissible purpose. Defendant SRA was operating outside of the scope of the exemption certificate. Obtaining a consumer report is a collection activity. Because Defendant SRA was operating outside of the scope of the exemption certificate they cannot legally engage in collection activity towards the Plaintiffs. Therefore, Defendant SRA did not have a permissible purpose to access Plaintiffs consumer report. As a result of Defendant SRA's violation of the FCRA, Plaintiffs are entitled to actual damages, punitive damages, statutory damages up to $1000.00, reasonable attorney's fee, and costs pursuant to 15 U.S.C. § 1681n.

74. Defendant SRA on January 19, 2012, violated the FCRA, specifically 15 U.S.C. § 1681b(a)(3)(A), by accessing Plaintiff Mr. James's consumer report under false pretenses and without a permissible purpose. Plaintiff Mr. James has no outstanding liability with Defendant SRA. As a result of Defendant SRA's violation of the FCRA, Plaintiff Mr. James is entitled to actual damages, punitive damages, statutory damages up to $1000.00, reasonable attorney's fee, and costs pursuant to 15 U.S.C. § 1681n.

## X. VIOLATIONS OF WCAA

75. The allegations of all above paragraphs of this Complaint are realleged and incorporated by reference. The Defendants violation of the WCAA include but are not limited to the

following:

76. Defendant SRA's communication with the Plaintiff Mrs. James, on or about July 19, 2011, was made while conducting the business of a collection agency and a debt collector in the state of Wyoming as defined under the WCAA. As Defendant SRA was operating outside of the legal authority to act as a collection agency and/or a debt collector during their communication with the Plaintiff Mrs. James, due to their operating outside of the scope of the exemption certificate to conduct the business of a collection agency in the state of Wyoming, issued by the Board, but did so anyway, Defendant SRA has violated the WCAA, specifically Wyoming Statutes Annotated § 33-11-102.

## XI. REQUEST FOR RELIEF

WHEREFORE, Plaintiffs, George James and Kelly James, respectfully requests this honorable Court find in their favor and enter judgment against the Defendant for the following:

a. Declaratory judgment ruling and finding Stoneleigh Recovery Associates, LLC. violated the Wyoming Collection Agency Act, Wyoming Statutes Annotated § 33-11-101 through § 33-11-116. Specifically, conducting the business of a collection agency in the state of Wyoming outside the scope of the exemption certificate, while conducting the business of a collection agency in the state of Wyoming;

b. Statutory damages of $1,000 per Plaintiff, pursuant to FDCPA 15 U.S.C. § 1692k;

c. Statutory damages of $1,000 pursuant to FCRA 15 U.S.C. § 1681n(a)(1)(A) for each month the impermissible access remains on Plaintiffs consumer report;

d. Punitive damages of $10,000 pursuant to FCRA 15 U.S.C. § 1681n(a)(2) for negligent and willful violations;

e. Court costs, service costs, and reasonable attorneys fees;

f. Such other and further relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiffs, George James and Kelly James, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

Date: June 11, 2012

_/s/ Kelly James_
Kelly James
3422 Cribbon Avenue
Cheyenne, Wyoming 82001
kj_james71@yahoo.com
307-635-3119

_/s/ George James_
George James
3422 Cribbon Avenue
Cheyenne, Wyoming 82001
gjames1@gmail.com
307-635-3119