**RICHARD G. SCHNEEBECK, #5-2395**
**LINDSAY A. WOZNICK, 6-3954**
**KHALE J. LENHART, #7-4581**
HIRST APPLEGATE, LLP
1720 Carey Avenue, Suite 400
P. O. Box 1083
Cheyenne, WY 82003
(T) 307-632-0541
Fax 307-632-4999
rschneebeck@hirstapplegate.com
lwoznick@hirstapplegate.com
klenhart@hirstapplegate.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| GEORGE JAMES, <br> KELLY JAMES, <br><br> Plaintiffs, <br><br> vs. <br><br> STONELEIGH RECOVERY ASSOCIATES, LLC <br><br> Defendant. | Civil No. 12-CV-120-S |

## *ANSWER TO COMPLAINT*

Defendant Stoneleigh Recovery Associates, LLC (SRA) answers Plaintiffs George James and Kelly James' (collectively, Plaintiffs) *Complaint*, as follows:

### Introduction

1. In answering paragraph 1, SRA states that the *Complaint* speaks for itself. Further answering paragraph 1, SRA denies that it did anything improper or that Plaintiffs are entitled to any damages, and therefore denies all of the allegations contained therein.

Page 1

### Parties

2. SRA admits the allegations contained in paragraph 2.

3. SRA admits the allegations contained in paragraph 3.

4. Answering paragraph 4, SRA admits that it is a debt collector, and that sometimes the telephone and United States Postal Service are used to assist with debt collection. Further answering paragraph 4, SRA states that the statement "and all other means at its disposal" is ambiguous and therefore denies this allegation. SRA denies all other allegations not specifically admitted herein.

5. SRA admits the allegations contained in paragraph 5.

6. In answering paragraph 6, SRA admits that it is operating as a debt collector and a collection agency in the state of Wyoming. Further answering paragraph 6, SRA admits that it conducts business in the state of Wyoming.

### Jurisdiction and Venue

7. In answering paragraph 7, the statutes cited by Plaintiffs speak for themselves. SRA admits that this Court has jurisdiction over the claims alleged by Plaintiffs, and that this Court is the proper venue for the allegations contained in Plaintiffs' Complaint. Notwithstanding, Defendant SRA denies that it violated the FDCPA and FCRA. SRA denies all other allegations contained in paragraph 7 which are not specifically admitted herein.

HIRST APPLEGATE, LLP
LAW OFFICES
1720 CAREY AVENUE, SUITE 400
P.O. BOX 1083
CHEYENNE, WYOMING 82003-1083

8. In answering paragraph 8, SRA states that the allegations contained therein are statements of law to which no response is required. To the extent that a response is required, SRA states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein and therefore denies the same.

9. In answering paragraph 9, SRA states that the allegations contained therein are statements of law to which no response is required. To the extent that a response is required, SRA states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein and therefore denies the same.

10. SRA denies the allegations contained in paragraph 10.

11. In answering paragraph 11, SRA states that the allegations contained therein are statements of law to which no response is required. To the extent that a response is required, SRA denies the allegations contained in paragraph 11.

12. SRA denies the allegations contained in paragraph 12.

13. In answering paragraph 13, SRA states that it lacks knowledge or information sufficient to form a belief about the truth of Plaintiffs' allegation that the Plaintiffs were residing in Cheyenne, Wyoming during the alleged conduct. SRA denies that all conduct by SRA took place in Cheyenne, Wyoming. Further answering paragraph 13, SRA states that Plaintiffs' allegation that venue is proper is a statement of law to which no response is required. To the extent that a response is required, SRA admits that venue is proper. SRA denies all other allegations contained in paragraph 13.

HIRST APPLEGATE, LLP
LAW OFFICES
1720 CAREY AVENUE, SUITE 400
P.O. BOX 1083
CHEYENNE, WYOMING 82003-1083

## Statutory Structure: Fair Debt Collection Practices Act

14.     In answering paragraph 14, SRA states that the FDCPA speaks for itself. Further answering paragraph 14, SRA states that the allegations contained therein are statements of law to which no response is required. To the extent that a response is required, SRA states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein and therefore denies the same.

15.     In answering paragraph 15, SRA states that the FDCPA speaks for itself. Further answering paragraph 15, SRA states that the allegations contained in paragraph 15 are statements of law to which no response is required. To the extent that a response is required, SRA denies the allegations of paragraph 15.

16.     In answering paragraph 16, SRA states that FDCPA speaks for itself. Further answering paragraph 16, SRA states that the allegations contained in paragraph 16 are statements of law to which no response is required. To the extent that a response is required, SRA states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein and therefore denies the same.

17.     In answering paragraph 17, SRA states that the FDCPA speaks for itself. Further answering paragraph 17, SRA states that the allegations contained in paragraph 17 are statements of law to which no response is required. To the extent that a response is required, SRA states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein and therefore denies the same.

HIRST APPLEGATE, LLP
LAW OFFICES
1720 CAREY AVENUE, SUITE 400
P.O. BOX 1083
CHEYENNE, WYOMING 82003-1083

18. In answering paragraph 18, SRA states that the FDCPA speaks for itself. Further answering paragraph 18, SRA states that the allegations contained in paragraph 18 are statements of law to which no response is required. To the extent that a response is required, SRA states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein and therefore denies the same.

19. In answering paragraph 19, SRA states that the FDCPA speaks for itself. Further answering paragraph 19, SRA states that the allegations contained in paragraph 19 are statements of law to which no response is required. To the extent that a response is required, SRA states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein and therefore denies the same.

20. In answering paragraph 20, SRA states that the FDCPA speaks for itself. Further answering paragraph 20, SRA states that the allegations contained in paragraph 20 are statements of law to which no response is required. To the extent that a response is required, SRA states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein and therefore denies the same.

21. In answering paragraph 21, SRA states that the FDCPA speaks for itself. Further answering paragraph 21, SRA states that the allegations contained in paragraph 21 are statements of law to which no response is required. To the extent that a response is required, SRA states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein and therefore denies the same.

HIRST APPLEGATE, LLP
LAW OFFICES
1720 CAREY AVENUE, SUITE 400
P.O. BOX 1083
CHEYENNE, WYOMING 82003-1083

22. In answering paragraph 22, SRA states that the FDCPA speaks for itself. Further answering paragraph 22, SRA states that the allegations contained in paragraph 22 are statements of law to which no response is required. To the extent that a response is required, SRA states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein and therefore denies the same.

23. In answering paragraph 23, SRA states that the FDCPA speaks for itself. Further answering paragraph 23, SRA states that the allegations contained in paragraph 23 are statements of law to which no response is required. To the extent that a response is required, SRA states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein and therefore denies the same.

24. In answering paragraph 24, SRA states that the FDCPA speaks for itself. Further answering paragraph 24, SRA states that the allegations contained in paragraph 24 are statements of law to which no response is required. To the extent that a response is required, SRA states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein and therefore denies the same.

25. In answering paragraph 25, SRA states that the FDCPA speaks for itself. Further answering paragraph 25, SRA states that the allegations contained in paragraph 25 are statements of law to which no response is required. To the extent that a response is required, SRA states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein and therefore denies the same.

Hirst Applegate, LLP
LAW OFFICES
1720 CAREY AVENUE, SUITE 400
P.O. BOX 1083
Cheyenne, Wyoming 82003-1083

26. In answering paragraph 26, SRA states that the FDCPA speaks for itself. Further answering paragraph 26, SRA states that the allegations contained in paragraph 26 are statements of law to which no response is required. To the extent that a response is required, SRA states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein and therefore denies the same.

27. In answering paragraph 27, SRA states that the FDCPA speaks for itself. Further answering paragraph 27, SRA states that the allegations contained in paragraph 27 are statements of law to which no response is required. To the extent that a response is required, SRA states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein and therefore denies the same.

### Statutory Structure: Fair Credit Reporting Act

28. In answering paragraph 28, SRA states that the FCRA speaks for itself. Further answering paragraph 28, SRA states that the allegations contained in paragraph 28 are statements of law to which no response is required. To the extent that a response is required, SRA states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein and therefore denies the same.

29. In answering paragraph 29, SRA states that the FCRA speaks for itself. Further answering paragraph 29, SRA states that the allegations contained in paragraph 29 are statements of law to which no response is required. To the extent that a response is

Hirst Applegate, LLP
LAW OFFICES
1720 CAREY AVENUE, SUITE 400
P.O. BOX 1083
Cheyenne, Wyoming 82003-1083

required, SRA states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein and therefore denies the same.

30. In answering paragraph 30, SRA states that the FCRA speaks for itself. Further answering paragraph 30, SRA states that the allegations contained in paragraph 30 are statements of law to which no response is required. To the extent that a response is required, SRA states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein and therefore denies the same.

31. In answering paragraph 31, SRA states that the FCRA speaks for itself. Further answering paragraph 31, SRA states that the allegations contained in paragraph 31 are statements of law to which no response is required. To the extent that a response is required, SRA states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein and therefore denies the same.

32. In answering paragraph 32, SRA states that the FCRA speaks for itself. Further answering paragraph 32, SRA states that the allegations contained in paragraph 32 are statements of law to which no response is required. To the extent that a response is required, SRA states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein and therefore denies the same.

33. In answering paragraph 33, SRA states that the FCRA speaks for itself. Further answering paragraph 33, SRA states that the allegations contained in paragraph 33 are statements of law to which no response is required. To the extent that a response is

Hirst Applegate, LLP
LAW OFFICES
1720 CAREY AVENUE, SUITE 400
P.O. BOX 1083
Cheyenne, Wyoming 82003-1083

required, SRA states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein and therefore denies the same.

34. In answering paragraph 34, SRA states that the FCRA speaks for itself. Further answering paragraph 34, SRA states that the allegations contained in paragraph 34 are statements of law to which no response is required. To the extent that a response is required, SRA states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein and therefore denies the same.

### Statutory Structure: Wyoming Collection Agencies Act

35. In answering paragraph 35, SRA states that the statute speaks for itself. Further answering paragraph 35, SRA states that the allegations contained in paragraph 35 are statements of law to which no response is required. To the extent that a response is required, SRA states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein and therefore denies the same.

36. In answering paragraph 36, SRA states that the statute speaks for itself. Further answering paragraph 36, SRA states that the allegations contained in paragraph 36 are statements of law to which no response is required. To the extent that a response is required, SRA states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein and therefore denies the same.

HIRST APPLEGATE, LLP
LAW OFFICES
1720 CAREY AVENUE, SUITE 400
P.O. BOX 1083
CHEYENNE, WYOMING 82003-1083

## Factual Allegations

37. In answering paragraph 37, SRA admits that it sent Mrs. James a letter dated July 19, 2011. SRA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 37.

38. SRA admits the allegations contained in paragraph 38.

39. SRA admits the allegations contained in paragraph 39.

40. In answering paragraph 40, SRA states that it admits that Mrs. James filed a verified complaint with the Wyoming Collection Agency Board. Further answering paragraph 40, SRA states that lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 40, and so denies them.

41. SRA admits the allegations contained in paragraph 41.

42. In answering paragraph 42, SRA admits that it received a letter from the Office of the Attorney General for the State of Wyoming dated January 17, 2012, informing SRA that the Wyoming Collection Agency Board had revoked SRA's exemption certificate, and that SRA must cease and desist from collecting debts covered by the statutes until it obtained a license. SRA admits that the letter stated that this decision was made based on information provided by SRA and that the Board believed that SRA was trying to collect a debt incurred in Wyoming from a debtor located in Wyoming. SRA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 42, and so denies them.

HIRST APPLEGATE, LLP
LAW OFFICES
1720 CAREY AVENUE, SUITE 400
P.O. BOX 1083
CHEYENNE, WYOMING 82003-1083

43. In answering paragraph 43, SRA states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 43, and so denies them.

44. In answering paragraph 44, SRA states that Mrs. James consumer report speaks for itself.

45. In answering paragraph 45, SRA states that Mr. James consumer report speaks for itself.

46. In answering paragraph 46, SRA states that the FDCPA and FCRA speak for themselves. Further answering paragraph 46, SRA states that the allegations contained in paragraph 46 are statements of law to which no response is required. To the extent that a response is required, SRA denies the allegations contained in paragraph 46.

47. In answering paragraph 47, SRA states that the FCRA speaks for itself. Further answering paragraph 47, SRA states that the allegations of paragraph 47 are statements of law to which no response is required. To the extent that a response is required, SRA denies the allegations contained in paragraph 47.

48. In answering paragraph 48, SRA states that the FDCPA speaks for itself. Further answering paragraph 48, SRA states that the allegations of paragraph 48 are statements of law to which no response is required. To the extent that a response is required, SRA denies the allegations contained in paragraph 48.

Page 11

49.   In answering paragraph 49, SRA states that the statute speaks for itself. Further answering paragraph 49, SRA states that the allegations of paragraph 49 are statements of law to which no response is required. To the extent that a response is required, SRA denies the allegations contained in paragraph 49.

50.   In answering paragraph 50, SRA states that the FDCPA speaks for itself. Further answering paragraph 50, SRA states that the allegations of paragraph 50 are statements of law to which no response is required. To the extent that a response is required, SRA denies the allegations contained in paragraph 50.

51.   In answering paragraph 51, SRA states that the statute speaks for itself. Further answering paragraph 51, SRA states that the allegations of paragraph 51 are statements of law to which no response is required. To the extent that a response is required, SRA denies the allegations contained in paragraph 51.

52.   In answering paragraph 52, SRA states that the statute speaks for itself. Further answering paragraph 52, SRA states that the allegations of paragraph 52 are statements of law to which no response is required. To the extent that a response is required, SRA admits that it is a collection agency, and was a collection agency when it communicated with Mrs. James.

53.   In answering paragraph 53, SRA states that the statute speaks for itself. Further answering paragraph 53, SRA states that the allegations of paragraph 53 are

Hirst Applegate, LLP
LAW OFFICES
1720 CAREY AVENUE, SUITE 400
P.O. BOX 1083
Cheyenne, Wyoming 82003-1083

statements of law to which no response is required. To the extent that a response is required, SRA denies the allegations contained in paragraph 53.

54. In answering paragraph 54, SRA states that the FDCPA speaks for itself. Further answering paragraph 54, SRA states that the allegations of paragraph 54 are statements of law to which no response is required. To the extent that a response is required, SRA denies the allegations contained in paragraph 54.

55. In answering paragraph 55, SRA states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein and therefore denies the same.

56. In answering paragraph 56, SRA admits that it applied for an exemption certificate from the Wyoming Collections Agency Board in January 2008. SRA admits that the Wyoming Collections Agency Board issues exemption certificates to companies who by law are not required to obtain a license. SRA admits that exemption certificates are issued by the Board after application and the Board's approval. SRA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 56, and so denies them.

57. SRA admits the allegations contained in paragraph 57.

58. In answering paragraph 58, SRA admits that the Board revoked its exemption certificate in January 2012. SRA denies the remaining allegations contained in paragraph 58.

Page 13

59. SRA denies the allegations contained in paragraph 59.

### FDCPA Violations

60. In answering paragraph 60, SRA incorporates its answers to the above allegations as if set forth fully herein. Further answering paragraph 60, SRA denies any violation of the FDCPA. SRA denies any remaining allegations contained in paragraph 60.

61. SRA denies the allegations contained in paragraph 61.

62. In answering paragraph 62, SRA admits that it stated in its written communication that it would mail verification to Mrs. James if she disputed the validity of the debt. SRA denies the remaining allegations contained in paragraph 62.

63. SRA denies the allegations contained in paragraph 63.

64. SRA denies the allegations contained in paragraph 64.

65. SRA denies the allegations contained in paragraph 65.

66. SRA denies the allegations contained in paragraph 66.

67. SRA denies the allegations contained in paragraph 67.

68. SRA denies the allegations contained in paragraph 68.

69. SRA denies the allegations contained in paragraph 69.

70. SRA denies the allegations contained in paragraph 70.

71. SRA denies the allegations contained in paragraph 71.

Page 14

### FCRA Violations

72. In answering paragraph 72, SRA incorporates its answers to the above allegations as if set forth fully herein. Further answering paragraph 72, SRA denies any violation of the FCRA. SRA denies any remaining allegations contained in paragraph 72.

73. SRA denies the allegations contained in paragraph 73.

74. SRA denies the allegations contained in paragraph 74.

### WCAA Violations

75. In answering paragraph 75, SRA incorporates its answers to the above allegations as if set forth fully herein. Further answering paragraph 75, SRA denies any violation of the Wyoming Collection Agencies Act (WCAA). SRA denies any remaining allegations contained in paragraph 75.

76. SRA denies the allegations contained in paragraph 76.

### Request for Relief

77. SRA denies the allegations contained in Plaintiffs' Request for Relief, including subparagraphs a-f, and denies that Plaintiffs are entitled to the relief requested.

### General Denial

78. SRA denies all allegations not specifically admitted herein.

HIRST APPLEGATE, LLP
LAW OFFICES
1720 CAREY AVENUE, SUITE 400
P.O. BOX 1083
CHEYENNE, WYOMING 82003-1083

## Affirmative Defenses

1. SRA did not violate any of the provisions of the Fair Debt Collection Practices Act.

2. SRA did not violate any of the provisions of the Fair Credit Reporting Act.

3. SRA did not violate the Wyoming Collection Agencies Act.

4. SRA asserts the bona fide error defense.

5. Every action taken by SRA was undertaken in good faith.

6. Every action taken by SRA was authorized pursuant to the Exemption Certificate issued by the Wyoming Collection Agency Board and Wyoming law.

7. Plaintiffs have not suffered any damages.

8. Plaintiffs' allegations fail to state a claim upon which relief can be granted.

9. Plaintiffs damages, if any, are the result of acts or omission committed by others.

10. Any inquiry by SRA into the Plaintiffs' credit reports was done for a permissible purpose under the Fair Credit Reporting Act.

11. SRA reserves the right to list additional affirmative defenses as they become known during discovery.

Hirst Applegate, LLP
LAW OFFICES
1720 CAREY AVENUE, SUITE 400
P.O. BOX 1083
Cheyenne, Wyoming 82003-1083

**Attorneys' Fees Under FDCPA**

SRA asserts that the Plaintiffs have brought this action in bad faith, and pursuant to 15 U.S.C. § 1692(k)(a)(3), SRA is entitled to recover its attorneys' fees and costs reasonably expended in defending this action.

***WHEREFORE***, Defendant Stoneleigh Recovery Associates, LLC denies that Plaintiffs are entitled to any relief and respectfully prays that the Court dismiss with prejudice all allegations and claims asserted against it in Plaintiffs' *Complaint*, award it costs of suit, attorneys' fees under the FDCPA, and grant it any other relief that this Court deems proper.

Dated: July 13, 2012.

STONELEIGH RECOVERY ASSOCIATES, LLC, Defendant

BY: /s/
RICHARD G. SCHNEEBECK, #5-2395
LINDSAY A. WOZNICK, #6-3954
KHALE J. LENHART, #7-4581
OF HIRST APPLEGATE, LLP
Attorneys for Above-Named Defendant
1720 Carey Avenue, Suite 400
P. O. Box 1083
Cheyenne, WY 82003-1083
(307) 632-0541

Page 17

## CERTIFICATE OF SERVICE

I certify that the foregoing *Answer to Complaint* was served upon all parties to this action pursuant to the Federal Rules of Civil procedure on July 13, 2012, and that copies were served as follows:

George James  
Kelly James  
3422 Cribbon Avenue  
Cheyenne, WY  82001

[ x ] U.S. MAIL  
[   ] FED EX  
[   ] FAX  
[   ] HAND DELIVERED  
[   ] ELECTRONIC MAIL

*Shelley G. Volk*  
OF HIRST APPLEGATE, LLP  
Attorneys for Above-Named Defendant

Page 18

HIRST APPLEGATE, LLP  
LAW OFFICES  
1720 CAREY AVENUE, SUITE 400  
P.O. BOX 1083  
CHEYENNE, WYOMING 82003-1083